1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  SITLALIT YANEZ RAMIREZ,                    CASE NO. C12-732 MJP

11              Plaintiff,                      ORDER GRANTING MOTION FOR
                                               SUMMARY JUDGMENT
12       v.

13  ALLSTATE INSURANCE COMPANY,

14              Defendant.

15

16       This matter comes before the Court on Defendant Allstate Insurance Company's

17  ("Allstate") motion for summary judgment.  (Dkt. No. 13.)  Having reviewed the motion,

18  Plaintiff's response (Dkt. No. 20), Allstate's reply (Dkt. No. 22), and all related filings, the Court

19  GRANTS the motion.

20                                **Background**

21       This is an insurance coverage action.  Beginning in 2000, Allstate Insurance Company

22  ("Allstate") issued an insurance policy (the "Policy") to Ricardo E. Romero and his wife, Norma

23  Yanez-Galvez, for their Woodinville, Washington home.  The Policy was in effect until March

24  30, 2012.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 1

1    This dispute centers around Allstate's decision not to defend Romero and Yanez-Galvez
2    against claims asserted in state court by Yanez-Galvez's daughter, Sitlalit Ramirez-Yanez.
3    Ramirez-Yanez sued her mother and Romero alleging sexual and physical abuse during the
4    period of time she lived with them in the Woodinville home (1999 to 2009).  Ramirez-Yanez
5    claims another person who temporarily lived in the family home, Jose Flores-Solorio, also
6    sexually abused her.

7    On September 2010, Ramirez-Yanez notified Allstate of her state court claims against
8    Romero and her mother, Yanez-Galvez.  Allstate opened a claim file, listing the loss date as May
9    12, 2010, the date Ramierez-Yanez filed her state claims.  On Allstate's investigation in-take
10   form, Ramirez-Yanez was listed as a "guest/visitor."  Shortly after Allstate received notice of the
11   state claims, one of its adjusters, Angela Bratscher, contacted the attorney representing Romero
12   and Yanez-Galvez.   Romero and Yanez-Galvez's attorney told Allstate that she did not believe
13   coverage existed.  Neither the attorney nor Romero and Yanez-Galvez have ever requested
14   Allstate defend or indemnify against Ramierez-Yanez's state claims.

15   Nonetheless, Allstate investigated Plaintiff's claims.   In accord with prior practice,
16   Allstate's limited its investigation to a review of Plaintiff's complaint as well as the Policy.   On
17   November 22, 2010, Allstate sent a letter to Romero and Yanez-Galvez (through their attorney)
18   stating the policy did not cover the losses indentified in the state claims because Yanez-Ramirez
19   was an insured person and could not recover for bodily harm.  Likewise, Allstate represented that
20   criminal acts (including rape of a child) and other deliberate acts of sexual and physical abuse are
21   not covered by the policy.

22   Romero and Yanez-Galvez settled with Ramierez-Yanez. The settlement included
23   assigning their rights under the Allstate Policy to Ramierez-Yanez.

24

1     In the above-captioned case, Ramirez-Yanez, standing in the shoes of Romero and

2   Yanez-Galvez, sues Allstate alleging it had a duty to defend and indemnify against the state

3   claims.  Ramirez-Yanez also asserted claims for breach of contract, bad faith, violations of the

4   Consumer Protection Act, violation of the insurance fair conduct act, and negligence.  Allstate

5   moves for summary judgment on two of plaintiff's claims—indemnification and duty to

6   defend—arguing the policy does not cover the losses suffered by Ramirez-Yanez.

7                                                **Analysis**

8     The parties' dispute on summary judgment is focused on whether Allstate had a duty to

9   defend and/or indemnify Romero and Yanez-Galvez against Ramirez-Yanez's state claims.

10     A.   Summary Judgment Standard

11     Summary judgment is appropriate if "the pleadings, the discovery and disclosure

12   materials on file, and any affidavits," when viewed in the light most favorable to the non-moving

13   party, "show that there is no genuine issue as to any material fact and that the movant is entitled

14   to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317,

15   322 (1986); Galen v. Cnty. of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007). The moving party

16   bears the initial burden of showing there is no genuine issue of material fact and that he or she is

17   entitled to prevail as a matter of law.  Celotex, 477 U.S. at 323.  If the moving party meets his or

18   her burden, then the non-moving party "must make a showing sufficient to establish a genuine

19   dispute of material fact regarding the existence of the essential elements of his ease that he must

20   prove at trial" in order to withstand summary judgment.  Galen, 477 F.3d at 658.  The non-

21   moving party "must present affirmative evidence to make this showing." Id. Furthermore, as the

22   Ninth Circuit teaches, "[b]ald assertions that genuine issues of material fact exist are

23   insufficient," and a mere scintilla of evidence supporting a party's position is also inadequate.  Id.

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 3

B.   Duty to Defend or Indemnify

Allstate moves for summary judgment arguing it had no duty to defend Romero and Yanez-Galvez because under the plain meaning of the Policy, no coverage existed for Ramirez-Yanez's claims.   An insurance company's duty to defend, which is broader than the duty to indemnify, "arises at the time an action is first brought, and is based on the potential for liability." Truck Ins. Exch. v. VanPort Homes, Inc., 147 Wn.2d 751, 760 (2002). A lawsuit triggers the duty to defend if the complaint against an insured alleges facts that could, if proven, impose liability upon the insured within the policy's coverage. In contrast, the duty to indemnify "hinges on the insured's *actual liability* to the claimant and *actual coverage* under the policy." Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 64 (2002) (emphasis added).

Thus, the dispositive question here on summary judgment is whether the complaint alleged facts that if proven could have triggered the policy's coverage.   Finding the policy does not cover the intentional acts of sexual and physical abuse nor Ramirez-Yanez's damages for "bodily injury," Allstate is entitled to judgment as a matter of law.

1.   The Insurance Policy

Allstate's argument for summary judgment turns on two Policy terms.

First, the Policy issued to Romero and Yanez-Galvez covered certain types of damages resulting from an "occurrence."   The Policy defined "occurrence" as:

> 9.  Occurrence'- means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

Decl. of Foley at Ex. 6.

Second, even if an event constitutes an "occurrence," the Policy did not necessarily cover all losses.   The Policy explicitly excluded from coverage any "bodily injury to an insured person."

With respect to who is an "insured person," the Policy defines "insured" to mean:  "you and if a resident of your household: a) any relative; b) any dependent person in your care." Decl. of Foley at Ex. 6.

The Policy defined "bodily injury" as "physical injury to the body, including sickness or disease and resulting in death, except that bodily injury does not include: a)Any venereal disease; b) Herpes; c) Acquired Immune Deficiency Syndrome (AIDS); d) AIDS Related Complex (ARC); e) Human Immunodeficiency Virus (HIV); or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above."  Decl. of Foley at Ex. 6.

    2.  <u>There Is No Genuine Dispute as to Whether Sexual and Emotional Abuse are "Occurrences"</u>

Beginning with the plain language of the policy, Allstate only has a duty to defend and indemnify those occurrences that are accidents.  Allstate correctly argues sexual and emotional abuse, the factual predicate for the state claims, are deliberate acts and cannot constitute an accident.

Where an insurance policy does not define the word "accident," as is the case here, Washington courts look to the common law definition, which holds:

> an accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs which produces or brings about the result of injury or death. The means as well as the result must be unforeseen, involuntary, unexpected and unusual.

<u>Safeco Ins. Co. of America v. Butler</u>, 118 Wn.2d 383, 401 (1992).

In applying that definition to sexual abuse cases, Washington courts have long recognized that such conduct is not an "accident" and therefore does not fall within the scope of homeowner's insurance policies.   <u>See</u> <u>Rodriquez v. Williams</u>, 107 Wn.2d 381, 387 (1986). Deliberate acts of sexual abuse and/or intercourse are not accidents so long as the abuser intended the act.  <u>Id</u>.

1    Here, as pled in Ramirez-Yanez's state complaint, the conduct of Romero, Yanez-

2    Galvez, and Flores-Solorio was neither unintentional nor accidental.   Ramirez-Yanez accused

3    Romero and Flores-Solorio of forcing her to endure years of sexual abuse, including molestation

4    and rape.  Decl. of Foley at Ex. 1 at 6-7.  Ramirez-Yanez accused her mother Yanez-Galvez,

5    among other conduct, of forcing her to "suck on her breasts as defendant Yanez-Galvez was

6    breastfeeding plaintiff's younger infant brother…and had excessive milk." Decl. of Foley at Ex.

7    1 at 3.  Ramirez-Yanez also accused both Romero and Ramirez-Yanez of repeatedly beating her.

8    Decl. of Foley at Ex. 1 at 3.   None of this conduct can be characterized as accidental or

9    unintentional.

10    But, Ramirez-Yanez claims coverage exists because some of the raised claims sound in

11    negligence.   Washington law, however, is clear that claims sounding in negligence are also

12    excluded from coverage and the duty to defend where the complaint unambiguously states that

13    the conduct giving rise to the claims is the sexual abuse of a minor.  American Economy Ins. Co.

14    v. Estate of Wilker, 96 Wn.App. 87 (1999) (no duty to defend claim for negligent infliction of

15    emotional distress on minor who witnessed insured's sexual molestation).  Because the conduct

16    giving rise to Ramirez-Yanez's state claims of outrage and gross negligence arises as part of the

17    pattern and practice of sexual abuse, it must be treated as intentional conduct.

18    Under a plain language of the Policy, no insurance coverage exists for Ramirez-Yanez's

19    state claims.  Consequently, Allstate had no duty to indemnify or defend Romero and Yanez-

20    Galvez against the claims.  Because no genuine dispute exists regarding the Policy's coverage of

21    Ramirez-Yanez's state claims, it is entitled to judgment as a matter of law.

22        3.   There is No Genuine Dispute Regarding Plaintiff's Status as an Insured

23

24

1    Allstate meets its burden of showing there is no genuine issue of material fact about

2    whether Ramirez-Yanez is an "insured" under the policy—as the dependant daughter of the

3    policyholder, Yanez-Galvez.

4        Here, the undisputed evidence shows from 1999 to 2008, the entire period giving rise to

5    the state claims, Ramirez-Yanez lived in her mother's home as a dependent.

6        Although Ramirez-Yanez does not dispute these material facts, she claims summary

7    judgment is inappropriate because Allstate classified her as a "guest/visitor" on its investigation

8    report.  Thus, she argues she was not an "insured."  The record before this court shows that this

9    notation is immaterial to whether Ramirez-Yanez was an insured.  As Allstate claims adjuster

10   Bratscher stated in her declaration, "the designation is made to attach the claimants name to the

11   computer system file.  It was not made for the purpose of making any coverage determination."

12   Decl. of Angela Bratscher, Dkt. No. 23 at 2.  The salient and material facts remain undisputed,

13   Ramirez-Yanez lived with her mother in the Woodinville family home during the period of time

14   giving rise to the state claims.  She is, therefore, an insured who is excluded from recovering for

15   bodily injury.

16       Allstate prevails in demonstrating that Plaintiff's claims are explicitly excluded under the

17   policy, because as an "insured" she cannot recover for bodily injury.  On this basis too, Allstate

18   is entitled to summary judgment.

19           4.   Allstate is Not Estopped From Now Disputing Coverage

20       Ramirez-Yanez argues Allstate is estopped from raising these coverage issues on the

21   theory that its denial of coverage (including defense) constituted bad faith.   Ramirez-Yanez's

22   claim is based on Allstate's failure to notice that the names on the declaration pages differed

23   from 2000 to the present.   She also argues Allstate should have notified Romero and Yanez-

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 7

1   Galvez directly of the coverage determination, rather than communicate with their attorney.

2   Neither claim constitutes bad faith.  Allstate is not estopped from disputing coverage.

3          Under Washington law, an insurer acts in bad faith if its breach of the duty to defend is

4   "unreasonable, frivolous, or unfounded." American Best Food, Inc. v. Alea London, Ltd., 168

5   Wn.2d 398, 413 (2010).  When an insurer acts in bad faith by improperly refusing to defend,

6   Washington cases recognize a rebuttable presumption of harm and that coverage by estoppel is

7   one appropriate remedy.  Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558 (1998).

8          Here, Romero and Yanez-Galvez did not seek coverage from Allstate and disclaimed any

9   belief coverage existed.  Despite Romero and Yanez-Galvez's position, Allstate did investigate

10  and correctly found that as the relative and dependant of an insured (Yanez-Galvez), Ramirez-

11  Yanez could not recover under the Policy.  Unlike the case Ramirez-Yanez relies on, Truck Ins.

12  Exch., 147 Wn.2d at 751, Allstate did investigate and did provide it's rational to Romero and

13  Yanez-Galvez.   Allstate's conduct cannot be described as "unreasonable, frivolous, or

14  unfounded." Ramierez-Yanez's argument is without merit.

15                                        **Conclusion**

16         Because the plain terms of the Policy did not cover the losses and claims asserted by

17  Ramirez-Yanez, Allstate did not have a duty to defend or indemnify Romero and Yanez-Galvez

18  in the state-court action.  Therefore, Defendant's motion for summary judgment (Dkt. No. 13) is

19  GRANTED.  The clerk is ordered to provide copies of this order to all counsel.

20         Dated this 1st day of November, 2012.

21

22  _____
    Marsha J. Pechman

23  Chief United States District Judge

24