UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SITALIT RAMIREZ-YANEZ, as assignee of Ricardo E. Romero and Norma A. Yanez-Galvez,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C12-732 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 27) and Plaintiff's motion to strike Defendant's insurance expert report (Dkt. No. 30.) Having reviewed the motions, Plaintiff's response (Dkt. No. 30), Defendant's reply (Dkt. No. 31), and all related documents, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion to strike the expert report.

**Background**

This case originally began as a dispute over insurance coverage but is now concerned with the proper handling of that claim. Beginning in 2000, Defendant Allstate Insurance

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 1

Company issued an insurance policy (the "Policy") to Ricardo E. Romero and his wife, Norma Yanez-Galvez, for their Woodinville, Washington home. (Dkt. No. 1, Ex. 1 at 5.) The Policy was in effect until March 30, 2012. (Id. at 7.)

On May 12, 2010, Plaintiff Sitalit Ramirez-Yanez filed suit against her mother, Yanez-Galvez, and step-father, Romero, in King County Superior Court alleging sexual and physical abuse in their Woodinville home (1999-2009). (Id. at 5.)

Upon notification of Plaintiff's state law claims, Defendant commenced an investigation of Plaintiff's claim. (Dkt. No. 21, Ex. 7.) (Dkt. No. 21, Ex. 12.) Defendant's adjuster, Angela Bratscher, reviewed Plaintiff's complaint and summarized Plaintiff's allegations in a claim log. (Id.) She retained the liability issue and passed responsibility for coverage issues to Melissa Hunt, another adjuster employed by Defendant. (Dkt. No. 21, Ex. 19 at 3.) On September 29, Ms. Hunt reviewed Plaintiff's complaint and policy as well. (Id. at 3-4.)

On November 22, 2010, Defendant sent a letter to Romero and Yanez-Galvez (through their attorney) denying coverage. (Dkt. No. 21, Ex. 15 at 4.) The letter cited provisions from the Policy and stated Defendant would not cover losses identified in the state claims because Plaintiff was an insured person and could not recover for bodily harm. (Dkt. No. 21, Ex. 18.) Further, Defendant informed insureds their policy ("the Policy") does not cover intentional, criminal acts of sexual abuse. (Id.)

In February 2012, Romero and Yanez-Galvez settled with Plaintiff. (Dkt. No.1, Ex. 1 at 8.) The settlement included an assignment of their rights under the Policy to Plaintiff. (Id.)

Plaintiff, standing in the shoes of Romero and Yanez-Galvez, commenced this suit. (Id.) In November 2012, this Court entered summary judgment on Plaintiff's contractual claims of breach and duty to defend or indemnify. (Dkt. No. 24 at 8.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 2

Defendant now moves for summary judgment against Plaintiff's remaining claims of negligence, bad faith, violation of Washington's Consumer Protection Act ("CPA"), and violation of Washington's Insurance Fair Conduct Act. (Dkt. No. 27 at 1-4.) Plaintiff claims material facts remain in dispute and moves to strike a report by Defendant's insurance expert. (Dkt. No. 30.)

**Discussion**

I.   Motion To Strike Expert Report

Defendant hired William P. Hight to prepare a report ("Hight Report" or the "Report") regarding Defendant's handling of insureds Romero and Yanez-Galvez's claim. (Dkt. 28, Ex. 1.) Defendant retained Mr. Hight because Plaintiff, standing in the shoes of the insureds, alleges Defendant mishandled the insureds' claim. (Id.) Mr. Hight is an attorney who has focused his practice on insurance coverage and claim handling litigation for the past thirty-one years. (Id.) In his Report, Mr. Hight found Defendant had conformed to the customary standards of investigating an insurance claim and acted reasonably in its handling of Plaintiff's claim. (Id.)

Federal Rule of Evidence 702 is the standard for admitting expert testimony. Fed. R. Evid. 702 states that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

Plaintiff attacks Mr. Hight's qualifications, claiming his lack of experience as an insurance adjuster makes him unqualified to serve as an expert on claim handling. The Court disagrees. Mr. Hight is an attorney with thirty-one years of experience in the insurance industry. (Dkt. No. 28, Ex. 1 at 1-2.) He is familiar with "business custom and practice with respect to the

investigation, adjustment, communications and policy interpretations of liability claims, including claims involving sexual abuse." (Id. at 2)  See United States v. Smith, 520 F.3d 1097, 1105 (9th Cir. 2008) (finding witness's education and experience provided him a reliable basis for expressing an expert opinion).

Plaintiff next argues Mr. Hight makes impermissible legal conclusions in the Report under Fed. R. Evid. 704. Rule 704 states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Mr. Hight anchors his opinion to facts throughout the report, for example:

> I have concluded from a factual standpoint that Allstate acted with due care and reasonable justification, and not in an unfounded or frivolous manner, in its interpretation of the policy, investigation of the claim, and communications with the insureds.

(Dkt. No. 28, Ex. 1 at 5.) By linking his opinion to the analysis of facts, Mr. Hight stops short of making legal conclusions.

Plaintiff argues Defendant attempts to introduce Mr. Hight as a "bad faith expert," which some courts have excluded as unnecessary to aid the comprehension of the trier of fact. However, the Ninth Circuit has held expert testimony to establish insurance industry standards, such as Mr. Hight's, admissible. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1015-16 (9th Cir. 1994) (finding the trial court did not abuse its discretion in allowing the expert testimony of a person with twenty-five years of experience working for insurance companies in a bad faith case). Thus, the Court finds helpful Mr. Hight's analysis of Defendant's conduct in light of prevailing insurance industry standards.

Fourth, the Plaintiff contends the report contains impermissible hearsay. Federal Rule of Evidence 703 states, "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 4

admitted." United States v. W.R. Grace, 504 F.3d 745, 759 (9th Cir. 2007).  Any insurance expert retained to evaluate the propriety of claim handling must reasonably rely on the claim file and any correspondence between the insurer and the insured to form an expert opinion.  Mr. Hight reasonably relied on the same sources of facts and data in forming his opinion.

Plaintiff's remaining objections to the Hight Report go to weight, not admissibility.  Fed. R. Evid. 401.

The Hight Report helps inform the Court on the insurance industry's claim handling customs.  Therefore, the Court DENIES Plaintiff's motion to strike the Hight Report.

II. Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court views the underlying facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The moving party has the burden to show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Once the moving party has met its initial burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  Id. at 323.

A. Bad Faith Claim

Plaintiff argues Defendant denied Plaintiff's claim in bad faith without conducting a reasonable investigation.  (Dkt. No. 30 at 17.)

Under Washington law, insurers have a duty to act in good faith and to deal fairly with their insureds, and violation of that duty may give rise to a tort action for bad faith.  Smith v. Safeco Ins. Co., 150 Wn.2d 478, 484 (2003).  Claims of insurer bad faith "are analyzed applying

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 5

the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty." Smith, 150 Wn.2d at 478. To succeed on such a claim, the insured must show the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded." Am. Best Food, Inc. v. Alea London, Ltd., 168 Wn.2d 398, 413 (2010). The test is not whether the insurer's interpretation of the policy is correct, but whether the insurer's conduct was reasonable. Wright v. Safeco Ins. Co., 124 Wn. App. 263, 279-80 (2004).

This Court has already ruled Defendant's denial of Plaintiff's claim reasonable. (Dkt. No. 24 at 8.) (finding "Allstate did investigate and correctly found that as the relative and dependent of an insured (Yanez-Galvez), Ramirez Yanez could not recover under the policy"). Because denial of coverage based on a reasonable interpretation of a policy is not bad faith, the Court concluded "Allstate's conduct cannot be described as 'unreasonable, frivolous or unfounded." Transcontinental Ins. Co. v. Wash. Pub. Utils. Dists' Util. Sys., 111 Wn.2d 452, 470 (1988); (Dkt. No. 24 at 8.) Therefore, Defendant did not act in bad faith.

Plaintiff has failed to show Defendant acted unreasonably in its investigation and denial of the claim, and thus, the Court GRANTS summary judgment on Plaintiff's bad faith claim.

B. Negligence Claim

Plaintiff claims Defendant acted negligently by failing to investigate facts before determining liability under the policy. (Dkt. No. 1, Ex. 1 at 11.)

Negligence and bad faith constitute separate and distinct causes of action under Washington law. First State Ins. Co. v. Kemper Nat'l Co., 94 Wn. App. 602, 613 (1999). An insurer owes a duty to exercise reasonable care with respect to the interest of its insured. Id. Even if an insurer acts in good faith, it is liable to its insured for any proximal negligence. Id. To establish a claim for negligence, the insured must show that the insurer was at "fault" under

1  RCW 4.22.015.  Negligence requires: (1) a duty to conform to a certain standard of conduct
2  owed to the complaining party; (2) a breach of that duty; and (3) a showing the breach was the
3  proximate cause of the complaining party's injury, and (4) legally compensable damages.
4  Hertog, ex rel. S.A.H. v. City of Seattle, 138 Wn.2d 265, 276 (1999).
5       Here, Plaintiff claims Defendant acted negligently in failing to exercise reasonable care
6  when investigating Plaintiff's claim.  However, Plaintiff is unable to point to a specific fact that
7  demonstrates Defendant's failure to exercise reasonable care.  Further, Plaintiff is unable to
8  proximately link Defendant's conduct to any injury alleged by Plaintiff.  Because Plaintiff's
9  insurance policy disqualify Plaintiff's claims of intentional bodily harm, even if Defendant had
10 exercised due care, Plaintiff would still be unable to recover damages.  (Dkt. No. 21, Ex. 18.)
11 Therefore, the Court should GRANT summary judgment on Plaintiff's negligence claim.
12 C.  CPA Claim
13      Plaintiff claims Defendant violated the CPA by injuring Plaintiff's business or property
14 as a result of an act of bad faith and failing to conduct a reasonable investigation in violation of
15 Washington's Administrative Code.  (Dkt. No. 30 at 17-18.)
16      The CPA provides that "unfair or deceptive acts or practices in the conduct of any trade
17 or commerce" are unlawful.  RCW 19.86.020.  A CPA claim requires: (1) an unfair or deceptive
18 act; (2) in trade or commerce; (3) that affects the public interest; (4) which causes injury to the
19 party in his or her business or property; and (5) injury that is causally linked to the unfair or
20 deceptive act.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778,
21 780 (1986).  An insured may invoke the CPA against an insurer that violates RCW Title 48 or
22 the administrative regulatory provisions set forth at WAC 284-30-300 through 284-30-410.  See
23 Industrial Indem. Co. of the Nw., Inc. v. Kellevig, 114 Wn.2d 907 (1990).
24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 7

Here, Plaintiff cannot satisfy the first element of the CPA, an unfair or deceptive act. Plaintiff cannot predicate its CPA claim on Defendant's bad faith conduct when the Court has already concluded Defendant did not act in bad faith. (Dkt. No. 24 at 8.) Because Defendant's decision to deny coverage was based on a reasonable investigation, Defendant cannot show an unfair or deceptive act that satisfies the first element of a CPA claim or constitutes a violation of the Washington Administrative Code. RCW 19.86.020; WAC 284-30. Therefore, the Court GRANTS summary judgment on Plaintiff's CPA claim.

D. Insurance Fair Conduct Act Claim

Plaintiff claims Defendant violated the IFCA by failing to conduct a reasonable investigation before denying coverage. (Dkt. No. 1, Ex. 1 at 12.)

However, the Court need not analyze Plaintiff's specific allegations individually because Washington's IFCA only creates a cause of action for insurance customers who are "<u>unreasonably</u> denied a claim for coverage or payment of benefits by an insurer[.]" RCW 48.30.015. This Court already found Defendant's investigation and denial of coverage reasonable. (Dkt. No. 24 at 8.) Based on this finding, the Court also confirmed Defendant did not violate the Washington Administrative Code. The Court's finding of "reasonableness" undercuts any claim Plaintiff may allege under the Insurance Fair Conduct Act.

Therefore, the Court GRANTS summary judgment on Plaintiff's claim under the Insurance Fair Conduct Act.

**Conclusion**

Because the Hight Report assists the trier of fact appreciate the insurance industry's practices, the Court DENIES Plaintiff's motion to strike the Hight Report.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 8

Because no genuine dispute exists regarding Defendant's reasonable investigation and denial of coverage, the Court GRANTS summary judgment in favor of Defendant. The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of April, 2013.

Marsha J. Pechman
Chief United States District Judge