1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  SITALIT RAMIREZ-YANEZ, as                    CASE NO. C12-732 MJP
    assignee of Ricardo E. Romero and
11  Norma A. Yanez-Galvez,                        ORDER GRANTING
                                                  DEFENDANT'S MOTION FOR
12              Plaintiff,                        SUMMARY JUDGMENT AND
                                                  DENYING PLAINTIFF'S MOTION
13      v.                                        TO STRIKE EXPERT REPORT

14  ALLSTATE INSURANCE COMPANY,

15              Defendant.

16

17      This matter comes before the Court on Defendant's motion for summary judgment (Dkt.

18  No. 27) and Plaintiff's motion to strike Defendant's insurance expert report (Dkt. No. 30.)

19  Having reviewed the motions, Plaintiff's response (Dkt. No. 30), Defendant's reply (Dkt. No.

20  31), and all related documents, the Court GRANTS Defendant's motion for summary judgment

21  and DENIES Plaintiff's motion to strike the expert report.

22                                  **Background**

23      This case originally began as a dispute over insurance coverage but is now concerned

24  with the proper handling of that claim.  Beginning in 2000, Defendant Allstate Insurance

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 1

1 Company issued an insurance policy (the "Policy") to Ricardo E. Romero and his wife, Norma

2 Yanez-Galvez, for their Woodinville, Washington home. (Dkt. No. 1, Ex. 1 at 5.)  The Policy

3 was in effect until March 30, 2012. (Id. at 7.)

4      On May 12, 2010, Plaintiff Sitalit Ramirez-Yanez filed suit against her mother, Yanez-

5 Galvez, and step-father, Romero, in King County Superior Court alleging sexual and physical

6 abuse in their Woodinville home (1999-2009). (Id. at 5.)

7      Upon notification of Plaintiff's state law claims, Defendant commenced an investigation

8 of Plaintiff's claim. (Dkt. No. 21, Ex. 7.) (Dkt. No. 21, Ex. 12.)  Defendant's adjuster, Angela

9 Bratscher, reviewed Plaintiff's complaint and summarized Plaintiff's allegations in a claim log.

10 (Id.)  She retained the liability issue and passed responsibility for coverage issues to Melissa

11 Hunt, another adjuster employed by Defendant. (Dkt. No. 21, Ex. 19 at 3.)  On September 29,

12 Ms. Hunt reviewed Plaintiff's complaint and policy as well. (Id. at 3-4.)

13      On November 22, 2010, Defendant sent a letter to Romero and Yanez-Galvez (through

14 their attorney) denying coverage. (Dkt. No. 21, Ex. 15 at 4.)  The letter cited provisions from the

15 Policy and stated Defendant would not cover losses identified in the state claims because

16 Plaintiff was an insured person and could not recover for bodily harm. (Dkt. No. 21, Ex. 18.)

17 Further, Defendant informed insureds their policy ("the Policy") does not cover intentional,

18 criminal acts of sexual abuse. (Id.)

19      In February 2012, Romero and Yanez-Galvez settled with Plaintiff. (Dkt. No.1, Ex. 1 at

20 8.)  The settlement included an assignment of their rights under the Policy to Plaintiff. (Id.)

21      Plaintiff, standing in the shoes of Romero and Yanez-Galvez, commenced this suit. (Id.)

22 In November 2012, this Court entered summary judgment on Plaintiff's contractual claims of

23 breach and duty to defend or indemnify. (Dkt. No. 24 at 8.)

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 2

1    Defendant now moves for summary judgment against Plaintiff's remaining claims of

2    negligence, bad faith, violation of Washington's Consumer Protection Act ("CPA"), and

3    violation of Washington's Insurance Fair Conduct Act.  (Dkt. No. 27 at 1-4.)  Plaintiff claims

4    material facts remain in dispute and moves to strike a report by Defendant's insurance expert.

5    (Dkt. No. 30.)

6                                           **Discussion**

7    I.    Motion To Strike Expert Report

8    Defendant hired William P. Hight to prepare a report ("Hight Report" or the "Report")

9    regarding Defendant's handling of insureds Romero and Yanez-Galvez's claim.  (Dkt. 28, Ex. 1.)

10   Defendant retained Mr. Hight because Plaintiff, standing in the shoes of the insureds, alleges

11   Defendant mishandled the insureds' claim.  (Id.)  Mr. Hight is an attorney who has focused his

12   practice on insurance coverage and claim handling litigation for the past thirty-one years.  (Id.)

13   In his Report, Mr. Hight found Defendant had conformed to the customary standards of

14   investigating an insurance claim and acted reasonably in its handling of Plaintiff's claim.  (Id.)

15   Federal Rule of Evidence 702 is the standard for admitting expert testimony.   Fed. R.

16   Evid. 702 states that a "witness who is qualified as an expert by knowledge, skill, experience,

17   training, or education may testify in the form of an opinion or otherwise if . . . the expert's

18   scientific, technical, or other specialized knowledge will help the trier of fact to understand the

19   evidence or to determine a fact in issue." Fed. R. Evid. 702.

20   Plaintiff attacks Mr. Hight's qualifications, claiming his lack of experience as an

21   insurance adjuster makes him unqualified to serve as an expert on claim handling.  The Court

22   disagrees.  Mr. Hight is an attorney with thirty-one years of experience in the insurance industry.

23   (Dkt. No. 28, Ex. 1 at 1-2.)  He is familiar with "business custom and practice with respect to the

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 3

investigation, adjustment, communications and policy interpretations of liability claims,

including claims involving sexual abuse." (Id. at 2)  See United States v. Smith, 520 F.3d 1097,

1105 (9th Cir. 2008) (finding witness's education and experience provided him a reliable basis

for expressing an expert opinion).

       Plaintiff next argues Mr. Hight makes impermissible legal conclusions in the Report

under Fed. R. Evid. 704.  Rule 704 states that "[a]n opinion is not objectionable just because it

embraces an ultimate issue."  Fed. R. Evid. 704(a).  Mr. Hight anchors his opinion to facts

throughout the report, for example:

> I have concluded from a factual standpoint that Allstate acted with due care and
> reasonable justification, and not in an unfounded or frivolous manner, in its
> interpretation of the policy, investigation of the claim, and communications with
> the insureds.

(Dkt. No. 28, Ex. 1 at 5.)  By linking his opinion to the analysis of facts, Mr. Hight stops short of

making legal conclusions.

       Plaintiff argues Defendant attempts to introduce Mr. Hight as a "bad faith expert," which

some courts have excluded as unnecessary to aid the comprehension of the trier of fact.

However, the Ninth Circuit has held expert testimony to establish insurance industry standards,

such as Mr. Hight's, admissible.  Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998,

1015-16 (9th Cir. 1994) (finding the trial court did not abuse its discretion in allowing the expert

testimony of a person with twenty-five years of experience working for insurance companies in a

bad faith case).  Thus, the Court finds helpful Mr. Hight's analysis of Defendant's conduct in

light of prevailing insurance industry standards.

       Fourth, the Plaintiff contends the report contains impermissible hearsay.  Federal Rule of

Evidence 703 states, "If experts in the particular field would reasonably rely on those kinds of facts

or data in forming an opinion on the subject, they need not be admissible for the opinion to be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 4

1 admitted." United States v. W.R. Grace, 504 F.3d 745, 759 (9th Cir. 2007). Any insurance

2 expert retained to evaluate the propriety of claim handling must reasonably rely on the claim file

3 and any correspondence between the insurer and the insured to form an expert opinion. Mr.

4 Hight reasonably relied on the same sources of facts and data in forming his opinion.

5       Plaintiff's remaining objections to the Hight Report go to weight, not admissibility. Fed.

6 R. Evid. 401.

7       The Hight Report helps inform the Court on the insurance industry's claim handling

8 customs. Therefore, the Court DENIES Plaintiff's motion to strike the Hight Report.

9 II.    Summary Judgment

10       The Court "shall grant summary judgment if the movant shows that there is no genuine

11 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

12 R. Civ. P. 56(a). The Court views the underlying facts in the light most favorable to the

13 nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

14 The moving party has the burden to show the absence of a genuine issue of material fact.

15 Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Once the moving party has met its initial

16 burden, the nonmoving party must "designate specific facts showing that there is a genuine issue

17 for trial." Id. at 323.

18 A.  Bad Faith Claim

19       Plaintiff argues Defendant denied Plaintiff's claim in bad faith without conducting a

20 reasonable investigation. (Dkt. No. 30 at 17.)

21       Under Washington law, insurers have a duty to act in good faith and to deal fairly with

22 their insureds, and violation of that duty may give rise to a tort action for bad faith. Smith v.

23 Safeco Ins. Co., 150 Wn.2d 478, 484 (2003). Claims of insurer bad faith "are analyzed applying

24

1   the same principles as any other tort: duty, breach of that duty, and damages proximately caused

2   by any breach of duty." Smith, 150 Wn.2d at 478.  To succeed on such a claim, the insured must

3   show the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded."

4   Am. Best Food, Inc. v. Alea London, Ltd., 168 Wn.2d 398, 413 (2010).  The test is not whether

5   the insurer's interpretation of the policy is correct, but whether the insurer's conduct was

6   reasonable.  Wright v. Safeco Ins. Co., 124 Wn. App. 263, 279-80 (2004).

7          This Court has already ruled Defendant's denial of Plaintiff's claim reasonable.  (Dkt.

8   No. 24 at 8.)  (finding "Allstate did investigate and correctly found that as the relative and

9   dependent of an insured (Yanez-Galvez), Ramirez Yanez could not recover under the policy").

10  Because denial of coverage based on a reasonable interpretation of a policy is not bad faith, the

11  Court concluded "Allstate's conduct cannot be described as 'unreasonable, frivolous or

12  unfounded." Transcontinental Ins. Co. v. Wash. Pub. Utils. Dists' Util. Sys., 111 Wn.2d 452,

13  470 (1988); (Dkt. No. 24 at 8.)  Therefore, Defendant did not act in bad faith.

14         Plaintiff has failed to show Defendant acted unreasonably in its investigation and denial

15  of the claim, and thus, the Court GRANTS summary judgment on Plaintiff's bad faith claim.

16  B.  Negligence Claim

17         Plaintiff claims Defendant acted negligently by failing to investigate facts before

18  determining liability under the policy.  (Dkt. No. 1, Ex. 1 at 11.)

19         Negligence and bad faith constitute separate and distinct causes of action under

20  Washington law.  First State Ins. Co. v. Kemper Nat'l Co., 94 Wn. App. 602, 613 (1999).  An

21  insurer owes a duty to exercise reasonable care with respect to the interest of its insured.  Id.

22  Even if an insurer acts in good faith, it is liable to its insured for any proximal negligence.  Id.

23  To establish a claim for negligence, the insured must show that the insurer was at "fault" under

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 6

1  RCW 4.22.015.  Negligence requires: (1) a duty to conform to a certain standard of conduct

2  owed to the complaining party; (2) a breach of that duty; and (3) a showing the breach was the

3  proximate cause of the complaining party's injury, and (4) legally compensable damages.

4  Hertog, ex rel. S.A.H. v. City of Seattle, 138 Wn.2d 265, 276 (1999).

5        Here, Plaintiff claims Defendant acted negligently in failing to exercise reasonable care

6  when investigating Plaintiff's claim.  However, Plaintiff is unable to point to a specific fact that

7  demonstrates Defendant's failure to exercise reasonable care.  Further, Plaintiff is unable to

8  proximately link Defendant's conduct to any injury alleged by Plaintiff.  Because Plaintiff's

9  insurance policy disqualify Plaintiff's claims of intentional bodily harm, even if Defendant had

10 exercised due care, Plaintiff would still be unable to recover damages.  (Dkt. No. 21, Ex. 18.)

11 Therefore, the Court should GRANT summary judgment on Plaintiff's negligence claim.

12 C.  CPA Claim

13       Plaintiff claims Defendant violated the CPA by injuring Plaintiff's business or property

14 as a result of an act of bad faith and failing to conduct a reasonable investigation in violation of

15 Washington's Administrative Code.  (Dkt. No. 30 at 17-18.)

16       The CPA provides that "unfair or deceptive acts or practices in the conduct of any trade

17 or commerce" are unlawful.  RCW 19.86.020.  A CPA claim requires: (1) an unfair or deceptive

18 act; (2) in trade or commerce; (3) that affects the public interest; (4) which causes injury to the

19 party in his or her business or property; and (5) injury that is causally linked to the unfair or

20 deceptive act.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778,

21 780 (1986).  An insured may invoke the CPA against an insurer that violates RCW Title 48 or

22 the administrative regulatory provisions set forth at WAC 284-30-300 through 284-30-410.  See

23 Industrial Indem. Co. of the Nw., Inc. v. Kellevig, 114 Wn.2d 907 (1990).

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 7

1        Here, Plaintiff cannot satisfy the first element of the CPA, an unfair or deceptive act.

2  Plaintiff cannot predicate its CPA claim on Defendant's bad faith conduct when the Court has

3  already concluded Defendant did not act in bad faith.  (Dkt. No. 24 at 8.)  Because Defendant's

4  decision to deny coverage was based on a reasonable investigation, Defendant cannot show an

5  unfair or deceptive act that satisfies the first element of a CPA claim or constitutes a violation of

6  the Washington Administrative Code.  RCW 19.86.020; WAC 284-30.  Therefore, the Court

7  GRANTS summary judgment on Plaintiff's CPA claim.

8  D.  <u>Insurance Fair Conduct Act Claim</u>

9        Plaintiff claims Defendant violated the IFCA by failing to conduct a reasonable

10  investigation before denying coverage.  (Dkt. No. 1, Ex. 1 at 12.)

11        However, the Court need not analyze Plaintiff's specific allegations individually because

12  Washington's IFCA only creates a cause of action for insurance customers who are

13  "<u>unreasonably</u> denied a claim for coverage or payment of benefits by an insurer[.]"  RCW

14  48.30.015.  This Court already found Defendant's investigation and denial of coverage

15  reasonable.  (Dkt. No. 24 at 8.)  Based on this finding, the Court also confirmed Defendant did

16  not violate the Washington Administrative Code.  The Court's finding of "reasonableness"

17  undercuts any claim Plaintiff may allege under the Insurance Fair Conduct Act.

18        Therefore, the Court GRANTS summary judgment on Plaintiff's claim under the

19  Insurance Fair Conduct Act.

20                                **Conclusion**

21        Because the Hight Report assists the trier of fact appreciate the insurance industry's

22  practices, the Court DENIES Plaintiff's motion to strike the Hight Report.

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 8

1    Because no genuine dispute exists regarding Defendant's reasonable investigation and

2  denial of coverage, the Court GRANTS summary judgment in favor of Defendant.  The clerk is

3  ordered to provide copies of this order to all counsel.

4    Dated this 11th day of April, 2013.

5

6

Marsha J. Pechman

7                                                    Chief United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO STRIKE EXPERT
REPORT- 9